**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000043
27-JUN-2017
09:08 AM**

NO. CAAP-17-0000043

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MARY ANN MCANDREW, Individually and as Trustee
for the Mary Ann McAndrew Revocable Living Trust
Dated March 11, 2005, Plaintiff-Appellant,
v.
ASSOCIATION OF APARTMENT OWNERS OF KUAPA ISLE,
an Unincorporated Condominium Association, by its Board of
Directors, GERRY BOGERT; GARRY BRECHIN; JIM DITTMAR; MARK ELWELL;
HOWARD TOCHMAN, and FRED WONG, Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50;
DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50;
DOE ENTITIES 1-50, and DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 16-1-1638)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the records in CAAP-17-0000043, it appears that this court lacks appellate jurisdiction over the appeal. Plaintiff-Appellant Mary Ann McAndrew, Individually and as Trustee of the Mary Ann McAndrew Revocable Living Trust Dated March 11, 2005 (Appellant), appeals from the "Order Granting Defendants' Motion to Dismiss, or in the Alternative, For Summary

Judgment on Plaintiff's Complaint for Trial De Novo Filed August 26, 2016, Filed October 3, 2016" (Order), filed on December 28, 2016, in the Circuit Court of the First Circuit.

The Order granted summary judgment on Appellant's August 26, 2016 Complaint for Trial De Novo in favor Defendants-Appellees Association of Apartment Owners of Kuapa Isle, an Unincorporated Condominium Association, by its Board of Directors; Gerry Bogert, Garry Brechin, Jim Dittman, Mark Elwell, Howard Tocman, and Fred Wong (Appellees) and against Appellant.

HRS § 641-1(a) (Repl. 2016) authorizes appeals from final judgments, orders, or decrees from the Circuit Court. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008).

No separate judgment on the Order is in the record on appeal. Therefore, the appeal is premature and this court lacks appellate jurisdiction over the appeal.

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 27, 2017.

Presiding Judge

Associate Judge

Associate Judge